UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHRYN SWANSON,<br>Individually, and as Special<br>Administrator of the Estate of<br>DENIS I. SWANSON, Deceased, | §<br>§<br>§<br>§<br>§ | |
| Plaintiffs | §<br>§ | CIVIL ACTION NO.: _____ |
| -vs- | §<br>§<br>§ | |
| MCDERMOTT INTERNATIONAL, INC.<br>and MCDERMOTT, INC. | §<br>§<br>§ | |
| Defendants | §<br>§ | |

**COMPLAINT FOR DAMAGES IN ADMIRALTY UNDER
THE JONES ACT AND THE GENERAL MARITIME LAW:**

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Kathryn Swanson,

Individually, and as Special Administrator of the Estate of Denis I. Swanson, Deceased

("Plaintiff"), complaining of Defendants McDermott International, Inc. and McDermott, Inc.

("Defendants") and for this cause of action, would respectfully show unto this Honorable Court

the following:

**I. PARTIES**

1.1     Plaintiff Kathryn Swanson, Individually, and as Special Administrator of the

Estate of Denis I. Swanson, Deceased, is a U.S. citizen and resident of the State of Florida.

1.2     Defendant McDermott International, Inc. is a business entity which is registered

and qualified to do business in, and actually conducts business in the State of Louisiana and this

judicial district for the purpose of accumulating monetary profit.

1.3     Defendant McDermott, Inc. is a business entity which is registered and qualified to do business in, and actually conducts business in the State of Louisiana and this judicial district for the purpose of accumulating monetary profit.

## II. JURISDICTION

2.1     The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1333 because the suit involves a maritime tort occurring on the navigable waters of the Gulf of Mexico.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

## III. VENUE

3.1     Venue is proper in this matter pursuant to 28 U.S.C. Sec. 1391 and the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

4.1     That at all times material hereto, the defendant, McDermott International, Inc., owned, operated, crewed, managed, controlled, provisioned and supplied various derrick barges, lay barges and floating rigs including, but not limited to, Derrick Barges 8, 16 and 26 and Lay Barges 26, 27, 28, 29 and 200 and various other derrick barges, lay barges and floating rigs whose names are presently unknown to Plaintiff.  The vessels involved in this matter and made the bases of this suit, were based in Morgan City, Louisiana, and operated in the navigable waters of the Gulf of Mexico.

4.2     That at all times material hereto, the defendant, McDermott, Inc., owned, operated, crewed, managed, controlled, provisioned, and supplied various derrick barges, lay barges and floating rigs including, but not limited to Derrick Barges 8, 16 and 26 and Lay Barges 26, 27, 28, 29 and 200 and various other derrick barges, lay barges and floating rigs whose

names are presently unknown to Plaintiff.  The vessels involved in this matter and made the bases of this suit, were based in Morgan City, Louisiana, and operated in the navigable waters of the Gulf of Mexico.

4.3     At all material times hereto, Plaintiff Denis I. Swanson was a resident of Morgan City, LA and was employed by Defendants as an electrician, maintenance man and member of the crew of the above-listed vessels, which were based in Morgan City, and operating in the navigable waters of the Gulf of Mexico.

4.4     From 1977 until 1997, while Plaintiff Denis I. Swanson was performing his duties in the service of the above-listed vessels in the navigable waters of the Gulf of Mexico, he was exposed to and inhaled respirable asbestos-containing dust and fibers and sustained the disease malignant pleural mesothelioma, a serious, disabling and fatal cancer of the pleura of his lung, which caused his death.

4.5     The injuries and death suffered by Plaintiff Denis I. Swanson were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessels, in the following particulars, among others:

(a)     failing to maintain the vessels and their appurtenances and/or equipment in a safe and reasonable state;

(b)     failing to provide Plaintiff with a reasonably safe place to work;

(c)     failing to take reasonable precautions for Plaintiff's safety;

(d)     failing to warn Plaintiff of the dangers of asbestos exposure;

(e)     failing to provide Plaintiff with safe and proper protective equipment;

(f)     failing to test and monitor Plaintiff's workplace for the presence of asbestos;

(g) failing to implement engineering controls to reduce and/or eliminate Plaintiff's exposure to asbestos;

(h) Failing to design, construct, repair and maintain the vessels in a safe manner; and

(i) other acts of negligence and/or omissions to be shown at trial herein.

## V. COUNT 1 - JONES ACT

5.1 Plaintiff repeats and re-alleges all preceding Paragraphs of this complaint with like effect as if herein fully repeating and re-alleging each and every fact therein set forth.

5.2 Plaintiff's, Denis I. Swanson's, personal injuries and death were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendants, their officers, agents, and/or employees, as described herein.

5.3 Plaintiff, therefore, elects to bring this civil action at law, with the right of trial by jury, against the Defendants pursuant to the Jones Act 46 U.S.C. § 30104.

## VI. COUNT 2 – UNSEAWORTHINESS

6.1 Plaintiff repeats and re-alleges all preceding Paragraphs of this complaint with like effect as if herein fully repeating and re-alleging each and every fact therein set forth.

6.2 Plaintiff, Denis I. Swanson's, injuries were caused by Defendants' breach of their absolute duty to furnish a seaworthy vessel.

6.3 To the extent that the above non-exclusive allegations of negligence & unseaworthiness overlap, they are pled concurrently.

## VII. DAMAGES

7.1 Plaintiff repeats and re-alleges all preceding Paragraphs of this complaint with like effect as if herein fully repeating and re-alleging each and every fact therein set forth.

7.2     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff, Denis I. Swanson, suffered the following injuries and damages, including, but not limited to: (a) mental anguish; (b) lost earnings; (c) permanent disfigurement; (d) physical impairment; (e) medical expenses; (f) physical pain and suffering; (g) related general damages (h) death; and (i) pecuniary and non-pecuniary damages, including punitive damages.

## VIII. LOSS OF CONSORTIUM

8.1     Plaintiff repeats and re-alleges all preceding Paragraphs of this complaint with like effect as if herein fully repeating and re-alleging each and every fact therein set forth.

8.2     Plaintiff, Kathryn Swanson, the spouse/widow of Denis I. Swanson, shows that as a result of her husband's substantial injuries and death, she has suffered loss of consortium, including but not limited to, mental anguish, and the loss of her husband's support, services, society, companionship, comfort, love, affection, attention, solace, and protection and claims damages for loss of consortium as are reasonable in the premises.

WHEREFORE, Plaintiff prays for judgment against the Defendants McDermott International, Inc. & McDermott, Inc., and in her favor such an amount as may be warranted by the circumstances, and for punitive damages in addition to the amounts claimed herein, attorneys' fees, for all taxable costs and interest allowed by law, all other relief to which she may be entitled; and for a trial by jury.

Respectfully submitted:

**MORGAN & MORGAN-NEW ORLEANS**

/s/ Rene F. Rocha, III
Rena F. Rocha, III (LA Bar #34411)
909 Poydras Street, Suite 1625
New Orleans, LA 70112
Telephone: (305) 989-8688
rrocha@forthepeople.com
***Counsel for Plaintiffs***

**OF COUNSEL**

**MORGAN & MORGAN, PA**

_____

J. Dennis Weitzel (FL Bar 93652)
Samuel D. Elswick (FL Bar 105108)
20 N. Orange Avenue, 16th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 841-9520
***Counsel for Plaintiffs***

**PLEASE SERVE**:

(1)     McDermott International, Inc.
        Under the Long Arm Statute at:
        757 N. Eldridge Parkway
        Houston, TX 77079

(2)     McDermott, Inc.
        Through its agent for service of process:
        CT Corporation System
        3867 Plaza Tower Drive
        Baton Rouge, LA 70816